[Cite as *In re Au.E.*, 2018-Ohio-524.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

In re Au.E., Br.E.                         Court of Appeals Nos. L-17-1179

Trial Court No. JC 14244471

**DECISION AND JUDGMENT**

Decided:  February 9, 2018

* * * * *

Stephen D. Long, for appellant.

Angela Y. Russell, for appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a June 16, 2017 judgment of the Lucas County Court of Common Pleas, Juvenile Division, that terminated the parental rights of appellant ("mother") and granted permanent custody of the subject minor children to appellee, Lucas County Children Services ("LCCS").  For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appointed counsel has submitted a request to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In the brief filed on appellant's behalf, appointed counsel sets forth two proposed assignments of error. In support of the request to withdraw, counsel for appellant states that, after reviewing the record of proceedings in the trial court, he is unable to find any appealable issues.

{¶ 3} *Anders*, supra, sets forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In *Anders*, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. *Id*. at 744.

{¶ 4} This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id*. Counsel must also furnished the client with a copy of the brief and request withdraw so as to allow the client sufficient opportunity to also raise matters. *Id*. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings from below to determine if the appeal is frivolous.

{¶ 5} If the appellate court does determine the appeal to be frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional rights or it may proceed to a decision on the merits. *Id*.

{¶ 6} In the instant case, we find that appointed counsel has satisfied the *Anders* requirements. Accordingly, this court will proceed with an examination of the potential

2.

assignments of error proposed by counsel and the record from below to determine if this appeal lacks merit and is, therefore, wholly frivolous.

{¶ 7} The following undisputed facts are relevant to this appeal. LCCS previously terminated the parental rights of appellant with respect to the same two children who are the subject of the instant appeal. On April 22, 2016, this court reversed that decision, thereby furnishing appellant another opportunity to successfully comply with the case plan services and conditions so as to arguably warrant reunification and avoid a best interests custody termination. *In re Au.E., Br.E.*, 6th Dist. Lucas No. L-15-1293, 2016-Ohio-1392. Despite this, appellant again failed to cooperate or comply with the case plan requirements.

{¶ 8} On December 2, 2016, based upon appellant's failure once again to comply with or complete case plan services and conditions, LCCS filed another motion to the trial court for permanent custody of the children.

{¶ 9} The case was set for trial at 9:00a.m. on April 25, 2017. The trial commenced over an hour late without appellant due to her failure to appear. Appellant subsequently appeared later that morning.

{¶ 10} At trial, LCCS presented the testimony of an officer with the Toledo Police Department. The officer testified that on January 26, 2017, while on duty, he responded to an emergency call at a Toledo area apartment. The officer determined that an incident of domestic violence had occurred between appellant and appellant's niece. Appellant had been temporarily living in the niece's apartment following her eviction from an area apartment.

3.

{¶ 11} LCCS next called the landlord of the apartment from which appellant had been evicted prior to staying with her niece to testify. The landlord testified that appellant's $420 per month lease commenced on April 1, 2016. The landlord further testified that she failed to pay the full amount even in the first month of the lease agreement. Substantial arrearages quickly accumulated. By November 2016, the landlord commenced eviction proceedings against appellant.

{¶ 12} LCCS next called to testify Au.E.'s therapist from Zepf Center. The therapist testified that during the most recent period in which Au.E. was residing with appellant, Au.E. was subjected to multiple instances of physical abuse both by appellant and also by the party with whom appellant was staying at that time.

{¶ 13} The trial court next heard testimony from appellant. Appellant testified that she is the mother of the two subject children, as well as four older children. Appellant testified that her two oldest children were raised by their paternal grandparents who obtained legal custody of them in proceedings in Michigan.

{¶ 14} Appellant further testified that her middle two children have been in the custody of her sister since approximately October 2008. Appellant elaborated that this occurred following a May 17, 2007 incident in which appellant stabbed someone, was prosecuted, convicted, and incarcerated in connection to the offense. Lastly, appellant's youngest two children are the subject of the instant appeal.

{¶ 15} Notably, although appellant conceded the necessity of the mental health services required of her by the case plan, she acknowledged that she was not participating in the services. Appellant further conceded that she lacked stable housing, acknowledged

4.

that she was presently unemployed, and conveyed that she was residing in an area homeless shelter.

{¶ 16} Appellant further conceded that Au.E. has been diagnosed with post-traumatic stress disorder and that the child suffers from this based upon having witnessed multiple acts of "pretty bad" domestic violence between appellant and the child's father. Similarly, appellant conceded that the children were again removed from her care in December of 2014 after suffering physical abuse by the boyfriend of the friend with whom appellant was staying at that time.

{¶ 17} In conjunction with the above, appellant acknowledged that she had failed to make any of the previously ordered child-support payments of the subject children and also conceded that she had sporadically ceased participating in visitation with the children.

{¶ 18} LCCS next called the ongoing caseworker to testify in the matter. The caseworker confirmed that appellant was not participating in required counseling services. The caseworker further confirmed the lack of stable housing and indicated that the last known address of appellant was at the Lorraine Motel in Toledo.

{¶ 19} Significantly, the caseworker conveyed a concerning scenario in which appellant was involved in a relationship with a man who possessed outstanding arrest warrants for assault and also possessed a history of violating protection orders. The caseworker unequivocally testified that based upon her extensive involvement in this matter, permanent custody of the subject children was in their best interest due to

5.

appellant's lengthy history of noncompliance with case plan services and a critical need for the children to have safety and stability in their lives.

{¶ 20} The trial court also heard testimony from the appointed guardian in the case. The guardian testified that during the course of his involvement, he conducted an independent investigation of this matter. The guardian testified that based upon the lengthy period of time in which the family remained involved with LCCS due to appellant's repeat failure to successfully or effectively cooperate with necessary services, an ongoing and highly unstable housing situation, and appellant's ongoing failure to address her own significant mental health issues, the best interest of the children would be served by granting permanent custody to LCCS.

{¶ 21} On June 16, 2017, the trial court granted LCCS's motion for permanent custody of the children. The trial court ruling was exceptionally detailed and thorough. The trial court found that R.C. 2151.414(B)(1)(a) applies to the instant case given that the children had not been abandoned or orphaned, but could not or should not be placed with either parent within a reasonable period of time.

{¶ 22} In conjunction with the above, the trial court further held that R.C. 2151.414(E)(1), (3), (4) and (14) also apply to the instant case given that despite ample evidence of reasonable efforts by LCCS, appellant had continuously failed to substantially remedy the conditions which cause the removal of the children, had caused or allowed the children to suffer neglect and abuse, had demonstrated a lack of commitment and a failure to provide regular support and visitation, and was not providing basic necessities to the children or preventing them from suffering harm.

6.

{¶ 23} The trial court concluded, "By clear and convincing evidence * * * [T]he children cannot be placed with either parent within a reasonable period of time and should not be placed with either parent * * * [I]t is in the minor children's best interest that parental rights be permanently terminated." This appeal ensued.

{¶ 24} In the first proposed assignment of error, it is suggested that the trial court judgment was against the manifest weight of the evidence. We do not concur.

{¶ 25} It is well-established that a disputed permanent custody judgment will not be reversed absent demonstration that it was against the manifest weight of the evidence. *In re A.H.*, 6th Dist. Lucas, L-11-1057, 2011-Ohio-4857, ¶ 11.

{¶ 26} We have carefully reviewed and considered the record of evidence. We find that the record is replete with compelling evidence demonstrating that, although the children had not been abandoned or orphaned, they could not be placed with either parent within a reasonable time and should not be placed with them.

{¶ 27} The record reflects that despite reasonable, ongoing efforts over the course of many years, appellant repeatedly failed to cooperate in necessary mental health services set forth in the case plan, repeatedly failed to protect the children from neglect, abuse, and exposure to physical violence, failed to pay any of the court ordered child-support for the children, often failed to participate in visitation, repeatedly lacked safe and stable housing, and repeatedly lacked stable employment. The record reflects that appellant conceded to these issues in the course of her testimony in this case.

{¶ 28} Wherefore, we find that the trial court's decision to grant permanent custody to LCCS was properly supported by clear and convincing evidence. It was not

7.

against the manifest weight of the evidence. Appellant's first proposed assignment of error is found not well-taken.

{¶ 29} In appellant's second proposed assignment of error, it is suggested that the trial court erred in concluding that LCCS made reasonable efforts. We do not concur.

{¶ 30} Contrary to the premise of the second proposed assignment of error, the record reflects, as set forth in detail in the underlying trial court judgment, that LCCS engaged in a broad spectrum of reasonable efforts in this matter including, but not limited to, counseling services for both appellant and the children, mental health and substance abuse services for the father, coordinated visitation arrangements for both parents including accommodations for schedule conflicts as requested by the parents, the provision of services when out-of-state, parenting services for both parents, status meetings to discuss case plan progress and address any issues to be addressed relevant to reunification, accommodation with providing a different caseworker to appellant upon appellant's representation of being unable to work with the original caseworker, domestic violence services, the return of the children into the mother's care to provide another opportunity for her to enhance skills and complete the case plan services so as to possibly merit reunification, and housing services in an attempt to stabilize the housing situation.

{¶ 31} The record reflects that despite these long-term, numerous reasonable efforts by LCCS, appellant repeatedly failed to cooperate in services, visitation, and failed to demonstrate progress so as to conceivably justify reunification.

{¶ 32} Appellant's second proposed assignment of error is found not well- taken.

8.

{¶ 33} Accordingly, based upon our independent review of the record, we find no other grounds for a meritorious appeal. This appeal is found to be without merit and is wholly frivolous. Counsel's motion to withdraw is found well-taken and is hereby granted.

{¶ 34} Wherefore, the decision of the Lucas County Court of Common Pleas, Juvenile Division, is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                    _____
                                                                           JUDGE
Thomas J. Osowik, J.

                                                          _____
Christine E. Mayle, P.J.                                       JUDGE
CONCUR.

                                                          _____
                                                                           JUDGE